**Jane ROE, individually and on the behalf of all others similarly situated, JANE DOE, individually and on the behalf of all others similarly situated, Plaintiffs–Appellants,**

v.

**EMPIRE BLUE CROSS BLUE SHIELD, St. Joseph's Medical Center, Defendants–Appellees.**

No. 14–1759–cv.

United States Court of Appeals, Second Circuit.

Dec. 23, 2014.

Jeffrey M. Norton (Randolph M. McLaughlin, on the brief), Newman Ferrara LLP, New York, NY, for Plaintiffs–Appellants.

Robert A. Scher (Douglas Heffer, Michael J. Tuteur, on the brief), Foley & Lardner LLP, New York, NY, for Empire Blue Cross Blue Shield.

PRESENT: JOSÉ A. CABRANES, RAYMOND J. LOHIER, JR. and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Plaintiffs Jane Roe and Jane Doe appeal from the District Court's May 2, 2014 judgment dismissing their claims for discrimination and breach of fiduciary duty pursuant to Sections 510 and 404, respectively, of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1140, 1104, and denying plaintiffs' motion for a preliminary injunction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed plaintiffs' Section 510 claim. Plaintiffs have failed to adequately allege any right to which they are entitled or may become entitled under the plan at issue with respect to which defendants discriminated against them or with which defendants otherwise interfered. *See* 29 U.S.C. § 1140.

We also conclude that the District Court properly dismissed plaintiffs' Section 404 claim. Plaintiffs have not adequately alleged that defendants were acting in a fiduciary capacity or that they breached any fiduciary duty under ERISA. *See* 29 U.S.C. § 1002(21)(A). Accordingly, the

District Court also properly denied plaintiffs' motion for a preliminary injunction.

As the District Court held, this decision does not address whether the plan exclusion is constitutional or otherwise lawful under any other federal or state laws.

## CONCLUSION

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, the District Court's May 2, 2014 judgment is **AFFIRMED.**